727 So.2d 1137 (1999)
Kimberly R. BACARDI, Appellant,
v.
Luis L. BACARDI, Appellee.
No. 98-3331.
District Court of Appeal of Florida, Third District.
March 17, 1999.
Melvyn B. Frumkes, Miami; Cynthia L. Greene, Miami, for appellant.
Maurice Jay Kutner and Sandra I. Murado, Miami, for appellee.
Before JORGENSON, GERSTEN and SORONDO, JJ.
PER CURIAM.
Kimberly R. Bacardi appeals the lower court's Order Granting Luis L. Bacardi's Request for An Accounting.
The parties were divorced in May of 1996 and a Final Judgment of Dissolution of Marriage incorporating their Marital Settlement Agreement was entered. As pertinent to the issues before us, the Marital Settlement Agreement provided, that on the 15th of each month commencing in April of 1996, Luis would pay Kimberly $16,900 as child support for their two minor children.
In July 1997, Luis filed a "Motion for Entry of Order Requiring an Accounting of Child Support Payments," alleging that Kimberly was using money being paid to her as child support to support her live-in boyfriend. He based his motion on section 61.13(1)(a), Florida Statutes (1997). Kimberly responded, asserting that the motion was an attempt by Luis to modify the parties' Marital Settlement Agreement.
At a pretrial conference during September of 1998, the court asked Luis if the accounting was something that he wanted to be heard. Luis' counsel indicated that he did, and Kimberly responded that Luis had waived any right to an accounting by failing to provide for it in the Marital Settlement Agreement. The court requested memoranda of law from the parties and subsequently entered its "Order Granting Father's Request for an Accounting," which ordered Kimberly to report all expenditures she had made for the children from July 30, 1997 through December 1, 1998. This appeal followed.
The parties seek an interpretation of the last sentence of section 61.13(1)(a). We do not reach this issue because we conclude that, in light of the extremely general language of the parties' Marital Settlement Agreement as regards the issue of child support, on this record, the trial judge abused her discretion in ordering the "accounting" at issue.[1]
*1138 The Marital Settlement Agreement stated that it was understood that the child support would be used to pay "a variety of expenses, including, but not limited to, the household expenses, utilities, maintenance, food in the home and away from home, transportation, lessons, entertainment, the housekeeper, etc." (Emphasis added). Given the enormous scope of legitimate expenditures which fall within the ambit of "child support" in this case, the trial court's order compels Kimberly to account for virtually every penny she has received from Luis during an eighteen month period. This is inconsistent with both the letter and spirit of the Agreement which clearly intended the "child support" to pay for much more than what such payments ordinarily contemplate. More significantly, no showing has been made in this case to warrant such a monumental intrusion into Kimberly's financial records.
Reversed.
NOTES
[1] Luis' allegations in his "Motion For Entry of Order Requiring An Accounting of Child Support Payments" were that Kimberly's live-in boyfriend has been traveling with her and her children at her expense (specifically, one trip to Disney World and another to Costa Rica) and that he drives her automobiles.